UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MUJAHID AKHMAD, a/k/a JOE TORRES,

Plaintiff,

v.

STATE OF NEVADA, et al.,

Defendants.

Case No.  3:23-cv-00610-ART-CSD

ORDER

This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. Plaintiff has applied to proceed *in forma pauperis*. (ECF No. 4). He also moves the Court to find and appoint him a free attorney. (ECF No. 21).

The Court entered a screening order on August 27, 2025. (ECF No. 13). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 13, 19). The parties did not settle at mediation. (ECF No. 22). For the reasons discussed below, the Court grants Plaintiff's *in forma pauperis* application, denies his motion for the appointment of counsel, orders service on defendants, and lifts the stay of this case.

I.    **DISCUSSION**

Plaintiff applies to proceed *in forma pauperis*. (ECF No. 4). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee for this civil action. The Court thus grants Plaintiff's *in forma pauperis* application.

Plaintiff moves the Court to find and appoint him a free attorney, arguing that his inmate helper will not provide additional assistance, the prison's law library does not provide prompt notice of e-filings, and Plaintiff injured his writing hand. (ECF No. 21). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to

represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (cleaned up). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff has not shown exceptional circumstances warranting the appointment of counsel. Plaintiff's states that his hand injury was treated with a soft cast and temporary. In any event, the issues that Plaintiff raises are commonly experienced by inmates prosecuting claims and do not constitute exceptional circumstances. The matters currently at issue are not particularly complex—this action is just leaving the screening stage and Plaintiff contends that prison staff were indifferent to his hepatitis C infection and need for post-surgical wound care. Plaintiff has demonstrated an ability to articulate colorable medical-indifference claims on a pro se basis. But the Court cannot conclude on this record that he is likely to prevail on the merits of any claim. The motion for the appointment of counsel is therefore denied without prejudice.

## II.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

1.     Plaintiff's motion for the appointment of counsel (ECF No. 21) is **DENIED without prejudice**.

2.     Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying any additional fees or costs or giving security for them. He is not required to pay an initial installment of the filing fee. But if this action is later dismissed, he must still pay the full filing fee under 28 U.S.C. § 1915(b)(2).

3.     Pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Mujahid Akhmad, a/k/a Joe Torres, #26212** to the

Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

4.      The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 12) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5.      Service must be perfected within 90 days from this order under Federal Rule of Civil Procedure 4(m).

6.      Subject to the findings of the screening order (ECF No. 13), within 21 days from this order, the Attorney General's Office will file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

7.      If service cannot be accepted for any of the named defendant(s), Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff will provide the full name and address for the defendant(s).

/ / /

3

8.      If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the first amended complaint (ECF No. 12) within 60 days from this order.

9.      Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document that he submits for the Court's consideration. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Plaintiff mails the document to the Court, Plaintiff will include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendant(s) or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk or fails to include a certificate showing proper service when required.

10.     This case is no longer stayed.

DATED: January 27, 2026



UNITED STATES MAGISTRATE JUDGE

4